## SAMUEL PETERSON *vs.* WILLIAM EDMONSON, MARY F. EDMONSON, SAMUEL G. CHANDLER, et al.

A tenant is not excused from the payment of rent by the destruction of the premises by tempest, unless it be so stipulated.

The entry of the landlord to repair, for the tenant's benefit, is not an eviction.

REPLEVIN. Return: "replevied, delivered and summoned."— Pleas, non cepit, cognizance and avowry for rent arrear. Replication to avowry; non demisit; riens in arrear; entry and eviction by landlord.

The case was this. The plaintiff rented a house, &c., of defendant at a rent certain. The roof was torn off by a storm, and while the landlord was repairing it for the tenant, the whole fell down, and the tenant had to remove to an out-house. The tenant claimed an abatement of the rent, or an entire discharge from payment, on the ground of eviction. Eviction of a part, discharges the rent for the whole. (3 *Harr. Rep.*, 366, *Graham* vs. *Anderson*.)

*Mr. Bates,* contra, cited 35 *Eng. Com. Law Rep.*, 198; 1 *Saund. Rep.*, 204; 1 *Cowp. Rep.*, 242; 1 *Harr. Rep.*, 520; 4 *Cowen Rep.*, 581.)

*The Court* charged:—That the defendants having avowed the taking of plaintiff's goods, as a distress for rent arrear, must prove a leasing of the premises, and that there was rent in arrear.

2. That to excuse the payment of this rent on the ground of an eviction of the tenant by the landlord, the plaintiff must show that the defendant entered wrongfully and dispossessed the plaintiff of the premises.

3. The accidental destruction of a house under demise, is not an eviction, nor does it excuse the payment of the rent. It is a hardship, but it is the misfortune of the tenant during his term, as well as of the landlord after it. If no stipulation be made in the lease, to excuse the payment of rent in case of tempest or fire, the tenant is bound by his contract, and he is obliged to pay the rent. Nor could the act of the landlord, done at the tenant's request, in attempting to repair the premises after such an accident, for the more convenient and comfortable occupation of the tenant, amount to an eviction.

Verdict for defendants.

*Gray,* for plaintiffs.

*Bates,* for defendants.